FILED
United States Court of Appeals
Tenth Circuit

May 9, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

In re:

PATRICK DURAY PORTLEY-EL,

    Movant.

No. 12-1149
(D.C. Nos. 1:09-CV-01309-ZLW
& 1:09-CV-01310-ZLW)
(D. Colo.)

---

**ORDER**

---

Before **MURPHY**, **GORSUCH**, and **MATHESON**, Circuit Judges.

---

Patrick Duray Portley-El, a state prisoner proceeding pro se, seeks authorization to file a second or successive 28 U.S.C. § 2254 habeas application. We deny authorization.

Mr. Portley-El seeks to file a § 2254 application challenging two convictions from Arapahoe County, Colorado. In case number 88-CR-1555, Mr. Portley-El was found guilty by a jury of second degree kidnapping, first degree sexual assault, first degree burglary, first degree aggravated motor vehicle theft, and attempted aggravated robbery. He appealed and the case was remanded for further proceedings on a jury selection issue. The trial court ultimately vacated the judgment of conviction and ordered a new trial. Mr. Portley-El subsequently entered a guilty plea to first degree sexual assault and second degree kidnapping. In 1995, he was sentenced to two consecutive terms of imprisonment totaling fifty-four years. He did not appeal.

In case number 89-CR-430, Mr. Portley-El pleaded guilty to aggravated robbery and mandatory sentencing for a crime of violence. In 1990, he was sentenced to two consecutive twenty-six year terms of imprisonment to run concurrently with the sentence imposed in 88-CR-1555 and another conviction. He did not appeal.

In 2009, Mr. Portley-El simultaneously filed two § 2254 applications. In case number 09-CV-1310, Mr. Portley-El sought to challenge the two Arapahoe County convictions at issue in this case, another Arapahoe County conviction, and two other Colorado convictions from Denver County and Adams County. The district court dismissed the § 2254 application without prejudice because Mr. Portley-El failed to file an amended petition that complied with Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Court.

In case number 09-CV-1309, Mr. Portley-El sought to challenge only the two convictions at issue here. The district court determined, however, that Mr. Portley-El had failed to exhaust his state remedies on the claims he wished to present. The court further determined that the claims that Mr. Portley-El failed to exhaust were procedurally defaulted and there was no basis to excuse the default. The district court therefore dismissed the application as procedurally barred. This court subsequently denied Mr. Portley-El's request for a certificate of appealability.

Mr. Portley-El now seeks authorization to file a second or successive § 2254 application with eight claims for relief. To be eligible to file a successive

application, he must meet the standards for authorization in 28 U.S.C. § 2244(b). Section 2244(b)(2)(A) permits authorization if a claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." Section 2244(b)(2)(B) permits authorization if "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." A claim that has been presented in a prior § 2254 application is not eligible for authorization. *See* 28 U.S.C. § 2244(b)(1).

In his motion for authorization, Mr. Portley-El contends that six of his eight claims rely on newly discovered evidence. In order to support authorization, however, the new facts must show "a high probability of actual innocence." *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005). Actual innocence requires a showing that the petitioner is factually innocent, not legally innocent. *See Ellis v. Hargett*, 302 F.3d 1182, 1186 n.1 (10th Cir. 2002). Mr. Portley-El does not assert that he has new evidence showing that he is factually innocent of the sexual assault, kidnapping or robbery crimes to which he pleaded guilty. Instead, he claims to have new evidence that: the trial court was going to preclude the admission of his positive DNA results at his second trial but his counsel failed to inform him of this and

coerced him into entering a guilty plea (ground one); there were factual inconsistencies between the actual kidnapping offense committed and statutory section he was charged with violating (ground two); independent counsel was secretly appointed and secretly dismissed (ground three); his rights to a speedy trial were violated (ground five); the trial court lacked jurisdiction to impose a sentence pursuant to specific statutory subsections (ground six); and his counsel was ineffective for failing to follow through on a motion for sentence reduction (ground eight).  None of these claims involve new evidence that would establish Mr. Portley-El's actual innocence and therefore he is not entitled to authorization on these claims.

For his remaining two claims, Mr. Portley-El contends that the sentencing court engaged in "impermissible double counting" when it was considering his conduct for sentencing purposes (ground four).  He asserts that this claim relies on a new rule of law and cites to this court's decision in *United States v. Terrell*, 608 F.3d 679 (10th Cir. 2010).  But our decision in *Terrell* does not meet the standard for authorization in § 2244(b)(2)(A), which requires a new rule of constitutional law that the Supreme Court has made retroactively applicable to cases on collateral review. Finally, Mr. Portley-El contends that the sentencing court was prohibited from sentencing him to a greater term of imprisonment after remand than it had originally sentenced him after his first trial (ground seven).  He admits, however, that this claim

was raised in a prior application, it does not rely on a new rule of law and it does not rely on new evidence. He is therefore not entitled to authorization on this claim.

Because Mr. Portley-El has not met the standards for authorization in § 2244(b), we DENY his motion. This denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

                                      Entered for the Court

                                      ELISABETH A. SHUMAKER, Clerk